The People of Puerto Rico, Plaintiff and Appellee, *v.* Jenaro Bosch Vázquez, Defendant and Appellant.

No. 11741. Argued February 12, 1947.—Decided February 24, 1947.

*E. Pérez Casalduc* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Notwithstanding the fact that the appeal in this case was filed by defendant on *December 21, 1942,* and that the transcript of the evidence was not sought therein, it was not until about four years later, that is, on *November 27, 1946,* that the Clerk of the District Court of Arecibo sent to the clerk of this court the judgment roll. Since this is not the only case where this has happened, we wish to call attention

to this fact and condemn such practice, inasmuch as such an undue and unjustified delay constitutes an open violation of § 356 of the Code of Criminal Procedure, which provides that the clerk of the district court shall send to the clerk of this court the judgment roll within thirty days after the filing of the notice of appeal. Let us pass upon the merits of the case.

On April 2, 1941 the district attorney filed an information against Jenaro Bosch Vázquez for a violation of § 7 of Act No. 14 of 1936 (Spec. Sess. Laws, p. 128) on registration of firearms. Upon being arraigned on April 14, the defendant pleaded not guilty.

The case was set for hearing on July 18 and the defendant, in his own behalf, moved for a continuance of the trial on the ground that he was ill and waived the statute of limitations. On July 21, 1941, the district attorney asked leave to file an amended information, which he attached to his motion, and on the next day the court admitted it ordering it to be served on defendant, which the clerk did. The information was amended in order to cure the defect in the original information that it failed to state the domicile of the defendant in the district of Arecibo where it was alleged that he had committed the offense.

On May 2, 1942, the defendant, through his attorney, moved for the striking of the amended information or for the dismissal of the case on the ground that more than sixty days had elapsed from the arrest until the filing of the amended information, and on May 11, after hearing the parties, the court overruled the motion. On that same day defendant was arrainged and he pleaded not guilty.

On November 28, 1942, the defendant, through his attorney, filed another motion seeking the dismissal of the case because more than the 120 days provided by § 448 of the Code of Criminal Procedure had elapsed. On December 1, 1942, the motion was argued and the district attorney presented as an only evidence to justify that there had been

lawful cause for not holding the trial within the 120 days, defendant's motion seeking the continuance of the trial under the original information wherein he waived the statute of limitations, and the court, on that ground denied the motion and, after a trial, found him guilty and sentenced him to pay a fine of $50 and in default of such payment to serve one day in jail for each dollar left unpaid, plus costs. Defendant thereupon appealed.

He maintains that the trial court erred in denying his two motions for dismissal. We shall merely consider the second one which refers to subdivision 2 of § 448 of the Code of Criminal Procedure.

As we have said, the lower court based its order of denial on the fact proven by the district attorney, that the defendant had moved for the continuance of the trial, under the original information, waiving the statute of limitations. This is true, but it is also true, that the original information did not charge a public offense, inasmuch as it did not contain the domicile of the defendant in the police district of Arecibo where it was alleged that he had an unregistered weapon, and in *People* v. *Díaz,* 55 P.R.R. 611, we held, copying from the syllabus, that "The residence of the wilful and unlawful possessor of a firearm which is not registered within the municipality or police district where the same is possessed, is an essential element of the offense provided in Section 7 of Act No. 14 of 1936 ((2) page 128) which must be alleged and proved by The People," and that the information did not charge a public offense and we reversed the judgment. See also *People* v. *Pérez Peña* 59 P.R.R. 451 and *People* v. *Rodríguez, per curiam* decision of July 7, 1942 (60 D.P.R. 958).

When the district attorney realized this fact, he filed, with leave of the court, an amended information containing the essential allegation as to defendant's domicile. This information substituted the original one containing the defect since July 22, 1941, and defendant was not arraigned until

May 11, 1942, and since the case was not set for June, defendant sought its dismissal on November 28.

 The continuance of the trial sought by the defendant under the original information, which did not charge the commission of any public offense, and his waiver of speedy trial could not have the effect of a waiver of the statute of limitations provided by § 448 under the amended information, which for the first time charged him with an offense. From the filing of the amended information on July 22, 1941, until the filing of the motion for dismissal, November 28, 1942, and the holding of the trial on December 1, 1942, more than one year and four months elapsed, without the district attorney presenting any evidence to show that there was just cause for the unusual delay. He merely presented the record of the case in order to show that the defendant had moved for the continuance and waived the statute of limitations under the original information. This does not constitute a waiver of his right to a speedy trial under the amended information. Therefore, the lower court should have ordered the dismissal of the case inasmuch as, where no just cause is shown for not holding a trial within the 120 days, the court has absolutely no discretion and it is peremptorily required to dismiss the case. *Dyer* v. *Rossy*, 23 P.R.R. 718; *People* v. *Olmeda*, 55 P.R.R. 839; *People* v. *Díaz*, 60 P.R.R. 528.

For the reasons stated the judgmnt appealed from will be reversed and the case dismissed.